UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. 2:24-cv-1038-KJM-SCR |
| Plaintiff, | |
| v. | ORDER |
| FEDERAL BUREAU OF INVESTIGATION, et al., | |
| Defendants. | |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motions to proceed in forma pauperis are granted.[1]

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations of the Complaint[2]

While a pretrial detainee at the Monroe Detention Center, plaintiff alleges a conspiracy to kidnap, rape, torture, sexually abuse, and retaliate against him due to his filing of civil complaints against jail staff. ECF No. 1.  Plaintiff names several FBI officers, Rosemary Gladden, Officers

---

[2] Although plaintiff weaves in unrelated factual allegations involving criminal acts against his step-brother and the failure to prosecute these crimes by various law enforcement agencies, the court finds that these allegations are not germane to determining whether the complaint states a valid claim for relief pursuant to 28 U.S.C. § 1915A.  Therefore, the court does not address these factual allegations for screening purposes.

2

1   Willis and Henrey, as well as Yolo County Public Defender Joseph Gocke as defendants in this
2   action.  The alleged kidnapping, sexual abuse, and torture occurred at Dignity Health Hospital
3   and involve the catheterization of plaintiff as part of his medical treatment.  ECF No. 1 at 5.
4   Officers Willis and Henrey were physically present when plaintiff was kidnapped and sexually
5   abused.  Regarding the allegations that occurred at the Monroe Detention Center, plaintiff
6   contends that defendant Gladden supervised the female medical staff who grabbed his genitals.
7   Plaintiff asserts violations of the Prison Rape Elimination Act ("PREA") as well as causes of
8   action pursuant to the Fourth, Eighth, and Fourteenth Amendments.  As relief, plaintiff seeks
9   compensatory and punitive damages, declaratory and injunctive relief, as well as intervention by
10  the FBI based on the criminal conspiracy against him.

        III.    Failure to State a Claim

            Pursuant to the screening required by 28 U.S.C. § 1915A, the complaint does not state a
claim for relief against any defendant.  First, plaintiff's conspiracy allegations against defendants
are entirely conclusory.  Plaintiff does not allege any facts that would support an inference of an
agreement between these defendants.  Plaintiff's asserted PREA violations also fail to state a
claim against defendants because PREA does not create a private right of action and is not
enforceable under § 1983.  See Bennett v. Palares, Case No. 1:24-cv-00591-JLT-BAM (PC),
2025 WL 406672, at *4-5 (E.D. Cal. Feb. 5, 2025) (collecting cases and noting apparent
unanimity in lower court decisions that PREA does not create a private right of action).  The
factual allegations involving defendant Gladden are based entirely on her supervisory role as the
Wellpath Director.  However, § 1983 actions cannot be maintained based on supervisory liability.
See Iqbal, 556 U.S. at 677.  The excessive force allegations against defendants Willis and Henrey
merely assert that they were physically present.  The complaint does not adequately link them to
the use of excessive force.  Nor does it contain sufficient facts for the court to find that they failed
to protect plaintiff from the use of excessive force.  See Castro v. Cty. of Los Angeles, 833 F.3d
1060, 1067-1068 (9th Cir. 2016).  Based on all of these defects, the court will not order the
complaint to be served on defendants because it does not state a valid claim against them.

            Plaintiff may try to fix these problems by filing an amended complaint.  In deciding

3

1  whether to file an amended complaint, plaintiff is provided with the relevant legal standards
2  governing his potential claims for relief, which are attached to this order.  See Attachment A.
3         IV.    Legal Standards Governing Amended Complaints
4         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
5  about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,
6  423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named
7  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
8  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal
9  involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of
10  acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the
11  defendant] knew or reasonably should have known would cause others to inflict a constitutional
12  injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation
13  omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the
14  meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or
15  omits to perform an act which he is legally required to do that causes the deprivation of which
16  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).
17  "Vague and conclusory allegations of official participation in civil rights violations are not
18  sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
19         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
20  his amended complaint complete.  Local Rule 220 requires that an amended complaint be
21  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
22  amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
23  1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no
24  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
26         V.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer
27         Your complaint will not be served because the facts alleged are not enough to state a
28  claim.  You are being given a chance to fix these problems by filing an amended complaint.  If

1  you file an amended complaint, pay particular attention to the legal standards attached to this
2  order. Be sure to provide facts that show exactly what each defendant did to violate your rights.
3  **Any claims and information not in the amended complaint will not be considered.**
4    In accordance with the above, IT IS HEREBY ORDERED that:
5    1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 8, 13 15) are
6  granted.
7    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
8  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
9  § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
10 appropriate agency filed concurrently herewith.
11   3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
12 U.S.C. § 1915A, and will not be served.
13   4. Within thirty days from the date of service of this order, plaintiff may file an amended
14 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
15 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
16 number assigned this case and must be labeled "First Amended Complaint."
17   5. Failure to file an amended complaint in accordance with this order will result in a
18 recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil
19 Procedure.
20   6. Plaintiff's motion to take judicial notice of court records (ECF No. 9) is denied as moot
21 as the court finds sufficient evidence of plaintiff's indigency on this court's docket to grant him in
22 forma pauperis status.
23   7. The request to seal plaintiff's mental health records (ECF No. 16) is granted.
24   8. The Clerk of Court shall file plaintiff's mental health records from the Monroe
25 Detention Center under seal and nunc pro tunc to January 30, 2025 when they were electronically
26 submitted to the court.
27   9. **In light of plaintiff's repetitive and duplicative filings in this case, the court will**
28 **restrict plaintiff's filings to one amended complaint and a single set of objections to the**

1  **Findings and Recommendations issued separately on this same date. Any additional**
2  **requests, notices, or motions filed by plaintiff will be stricken from the docket as filed in**
3  **violation of a court order. No further filings will be accepted by the court unless plaintiff is**
4  **specifically authorized to do so by a subsequent court order.**

5  DATED: June 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.     Joinder of Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

II.    Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

/////

### III. Civil Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ).

The federal system is one of notice pleading, however, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id.

### IV. Prison Rape Elimination Act ("PREA")

The Prison Rape Elimination Act codified at 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission. It does not, however, give rise to a private cause of action." Porter v. Jennings, No. 1:10-cv-1811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases finding the same); see also Blessing v. Freestone, 520 U.S. 329, 340-41 (1997) (explaining that a statutory provision gives rise to a federal right enforceable under § 1983 when: 1) Congress intended for the statute to benefit plaintiff; 2) enforcing the right would not "strain judicial competence;" and, 3) the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms.") (internal citations omitted).

/////

|   |   |   |
|---|---|---|
| 1 | V. | First Amendment Retaliation |

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

|   |   |   |
|---|---|---|
|   | VI. | Fourth Amendment Excessive Force |

Unlike a convicted prisoner who must bring an excessive force claim under the Eighth Amendment, a pretrial detainee brings an excessive force claim under the Fourteenth Amendment. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). To state an excessive force claim, plaintiff must allege that the officer's use of force was (1) deliberate (in other words, purposeful or knowing); and (2) objectively unreasonable. Kingsley v. Hendrickson, 567 U.S. 389, 395-97 (2015). With respect to the first element, an officer's negligent or accidental use of force is not sufficient. Id. As to the second element, objective reasonableness turns on the facts of each case, such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id. at 2473. Objective reasonableness is assessed based on the information known to the officer at the time. Id. at 2474.

Additionally, a prison official's failure to protect a pretrial detainee is actionable if four

3

1  conditions are met:  the defendant made an intentional decision with respect to the conditions
2  under which the plaintiff was confined; those conditions put the plaintiff at substantial risk of
3  suffering serious harm; the defendant did not take reasonable available measures to abate that
4  risk, even though a reasonable officer in the circumstances would have appreciated the high
5  degree of risk involved—making the consequences of the defendant's conduct obvious; and,
6  by not taking such measures, the defendant caused the plaintiff's injuries.  Castro v. Cnty. of Los
7  Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).