1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID BENNETT,                          No.  2:24-cv-1038-KJM-SCR

12                   Plaintiff,

13         v.                                FINDINGS AND RECOMMENDATIONS

14   FEDERAL BUREAU OF
     INVESTIGATION, et al.,
15
                     Defendants.
16

17

18         Plaintiff is in Yolo County pretrial custody and filed this civil rights action pursuant to 42

19   U.S.C. § 1983.  He proceeds pro se.  Currently pending before the court are plaintiff's motions for

20   a preliminary injunction as well as the appointment of a guardian ad litem ("GAL").  ECF Nos.

21   10, 12, 14.  In a concurrently issued order, the undersigned screened plaintiff's complaint,

22   concluded that it did not state a claim for relief against any defendant, and granted plaintiff leave

23   to file an amended complaint.  The undersigned here recommends that Plaintiff's motions for a

24   preliminary injunction and appointment of a GAL be denied.

25         I.        Motion for a Preliminary Injunction

26         A.  Plaintiff's Motion

27         In a motion docketed on June 25, 2024, plaintiff asserts that he is "under attack by Google

28   contractors, the FBI and MRB California Enterprise by eavesdropping" on what he reads and

                                              1

1  writes, all in order to deter this lawsuit.  ECF No. 10 at 2.

2  **B. Legal Standards**

3  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

4  'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

5  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

6  is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing

7  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).  A

8  party may also obtain a preliminary injunction under a "sliding scale" approach by showing [1] a

9  likelihood of irreparable harm, [2] that an injunction is in the public interest, and—on a "sliding

10  scale"—"'serious questions going to the merits' and a hardship balance that tips sharply towards

11  the plaintiff[.]"  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011)

12  (explaining that the sliding scale approach has allowed a stronger showing of one element to

13  offset a weaker showing of another element).  Additionally, in cases brought by prisoners

14  involving conditions of confinement, any preliminary injunction "must be narrowly drawn,

15  extend no further than necessary to correct the harm the court finds requires preliminary relief,

16  and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

17  **C. Analysis**

18  A preliminary injunction is not warranted at this juncture because plaintiff fails to

19  demonstrate that either he is likely to succeed on the merits of his claims or serious questions

20  going to the merits.  A motion for a preliminary injunction must be supported by "[e]vidence that

21  goes beyond the unverified allegations of the pleadings."  Fidelity Nat. Title Ins. Co. v. Castle,

22  2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice &

23  Procedure § 2949 (2011)).  Plaintiff, as the moving party, bears the burden of establishing the

24  merits of his claims.  See Winter, 555 U.S. at 20.  By separate order entered this same date, the

25  undersigned screened plaintiff's complaint and concluded that it did not state a claim for relief

26  against any defendant.  As a result, plaintiff was granted leave to file an amended complaint.

27  Given the failure of his complaint to state a valid claim for relief, plaintiff has not shown a

28  likelihood of success on the merits to be entitled to a preliminary injunction.  Additionally,

1  plaintiff offers no argument or evidence concerning the balance of equities, or public interest, and

2  offers only vague and outlandish statements about the alleged harm he faces based on his

3  complaints about eavesdropping.  For all these reasons, the undersigned recommends denying

4  plaintiff's motion for a preliminary injunction.

5  ## II.  Motions for a Guardian ad Litem

6  ### A.  Plaintiff's Motion

7  In a single page motion, plaintiff recounts the difficulties that he has faced in convincing

8  state officials to complete the in forma pauperis application.  ECF No. 12.  He requests the

9  appointment of a GAL because he was declared incompetent to stand trial in his pending state

10  criminal proceeding.  ECF No. 12.  On October 29, 2024, plaintiff filed another motion for

11  appointment of a GAL indicating that his competency has still not been restored.[1]  ECF No. 14.

12  ### B.  Additional Information Relevant to Plaintiff's Motion for a GAL

13  The court has reviewed plaintiff's mental health records as well as the Yolo County

14  Superior Court docket in People v. Bennett, CR2023-0488 (Yolo County Superior Court).[2]  The

15  Yolo County Superior Court docket indicates plaintiff has now been found competent to stand

16  trial.[3]

17  ### C.  Legal Standards

18  In a civil case, determinations of competency are governed by Federal Rule of Civil

19  Procedure 17.  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  Rule 17(c) states that

20  "[t]he court must appoint a guardian ad litem-or issue another appropriate order-to protect a

21  minor or incompetent person who is unrepresented in an action."  The Ninth Circuit has held a

22  party "is entitled to a Rule 17 competency determination when substantial evidence of

23  incompetence is presented."  Allen, 408 F.3d at 1153.  The decision whether to appoint a

24

25  [1]  Plaintiff's mental health records from the Monroe Detention Center were directed to be filed in this case in order to assist the court in resolving these pending motions for a guardian ad litem.

26  See ECF No. 16.
   [2]  The court may take judicial notice of state court dockets including those that are available on

27  the internet.  See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010).
   [3]  See Yolo County Superior Court Minute Order (May 21, 2025), available at

28  https://tinyurl.com/m4xknayp.

1  guardian ad litem is "left to the sound discretion the trial court." <u>Davis v. Walker</u>, 745 F.3d 1303,

2  1310 (9th Cir. 2014).  Although the procedure for determining competency is determined by

3  federal law, the substantive standard for competency is derived from state law.  <u>See</u> <u>In re County</u>

4  <u>of Orange</u>, 784 F.3d 520, 523-24 (9th Cir. 2015); Fed. R. Civ. P. 17(b)(1).  Under California law,

5  a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of

6  the proceeding, or is unable to assist counsel in the preparation of the case." <u>Golden Gate Way,</u>

7  <u>LLC v. Stewart</u>, Case No. 09-cv-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28,

8  2012) (citing <u>In re Jessica G</u>., 93 Cal. App. 4th 1180, 1186 (2001)).  Given that Plaintiff is

9  proceeding pro se, the question before this court is whether there is substantial evidence that

10  plaintiff is unable to understand the nature and consequences of these proceedings and is unable

11  to adequately litigate them on his own.

12  **D. Analysis**

13  After reviewing plaintiff's mental health records as well as the Yolo County Superior

14  Court docket in <u>People v. Bennett</u>, CR2023-0488 (Yolo County Superior Court), the undersigned

15  concludes that there is not a substantial question of plaintiff's current competence that would

16  require the appointment of a GAL.  Plaintiff requests a GAL in order to complete his IFP form

17  and based upon the state trial court's determination that he was incompetent to proceed to trial.

18  However, plaintiff successfully completed his IFP application in this court.  The Yolo County

19  Superior Court deemed Plaintiff competent to stand trial on May 21, 2025.[4]  As a result, the cited

20  bases to appoint a GAL are now moot.  Based on the present record, the undersigned finds that

21  there is not a substantial question regarding plaintiff's competence to warrant appointing him a

22  guardian ad litem.  His motions to appoint a guard ad litem should be denied.

23  **III.    Conclusion**

24  Accordingly, IT IS HEREBY RECOMMENDED that:

25  1.  Plaintiff's motion for a preliminary injunction (ECF Nos. 10) be denied.

26  2.  Plaintiff's motions to appoint a guardian ad litem (ECF No. 12, 14) be denied.

27

28  [4]  <u>See</u> Yolo County Superior Court Minute Order (May 21, 2025), available at
https://tinyurl.com/m4xknayp.

4

1    These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be filed and served within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may waive the right to

8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: June 3, 2025

10

11

12                                     SEAN C. RIORDAN
                                       UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5